UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SERMENO,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL RAMSEY,<br><br>    Defendant. | No. 2:18-cv-2442 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, who filed a civil rights action under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. Examination of the in forma pauperis application reveals that plaintiff is unable to afford the costs of suit. However, because it is unclear whether plaintiff's pleading was properly framed as a civil rights complaint, rather than a petition for writ of habeas corpus, and the filing costs associated with each pleading are different, the court will defer ruling on the application to proceed in forma pauperis.[1]

---

[1] In addition to incurring multiple court filing fees, plaintiff is cautioned that his continued filing of civil rights complaints challenging the duration of his sentence may result in a three strikes bar under 28 U.S.C. § 1915(g), limiting plaintiff's future access to the court. Section 1915(g) bars inmates who have, on at least three occasions, filed civil lawsuits that have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted. Id.

1

As set forth below, the undersigned recommends that this action be dismissed.

II. <u>Screening Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Moreover, plaintiff must demonstrate that each defendant personally participated in the deprivation of plaintiff's rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. <u>Iqbal</u>, 556 U.S. at 678; <u>Moss</u>, 572 F.3d at 969.

III. <u>Plaintiff's Complaint</u>

In the instant complaint, plaintiff again sues Michael Ramsey, Butte County District Attorney, on the grounds that Ramsey has a policy to allow his deputy district attorneys to charge under California Criminal Procedure Rules of Pleading section 969f, "charging a serious felony,"

2

in addition to charging under California Penal Code section 667.5. (ECF No. 1 at 3.) Plaintiff alleges this results in his being labeled a violent offender and denied proper sentence calculation as well as all credit-earning and rehabilitation opportunities available to nonviolent offenders. (Id.)

IV. Discussion

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). Federal courts lack habeas jurisdiction over claims by state prisoners that are not within "the core of habeas corpus." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (*en banc*), cert. denied, 137 S. Ct. 645 (2017). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. Id. at 934. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at "the core of habeas corpus,' and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 534 n.13 (2011) (citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); Nettles, 830 F.3d at 934.

Despite plaintiff's effort to frame his complaint as a policy challenge, it is clear from plaintiff's allegations that his claim affects the duration of his sentence. As plaintiff has been previously informed, the proper avenue to seek such relief is by way of habeas corpus petition filed under 28 U.S.C. § 2254.[2] Because plaintiff was convicted in Butte County, such challenge is properly filed in this court, and court records confirm that plaintiff is pursuing habeas relief in Sermeno v. Spearman, No. 2:14-cv-2729 DB (E.D. Cal.), which is presently pending. Plaintiff should raise all challenges to his conviction and the duration of his sentence in that pending case.

---

[2] In Sermeno v. Ramsey, No. 1:18-cv-0574 AWI SAB (E.D. Cal.), plaintiff filed a similar complaint against defendant Ramsey that was dismissed on June 6, 2018. Also, in a different case, plaintiff's complaint alleging improper sentence calculation was dismissed on September 6, 2018. Sermeno v. Glover, No. 1:18-cv-0544 AWI SAB (E.D. Cal.).

3

Therefore, plaintiff's complaint must be dismissed. Although the court would generally grant plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment in this civil rights action. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus). If plaintiff did not include his challenge to the duration of his sentence in his pending federal habeas petition, he may wish to seek leave to do so, provided he has exhausted his state court remedies as to such challenge. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

V. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 11, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/serm2442.56